21 F.3d 429
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Reginald M. WARREN, Defendant-Appellant.
 No. 93-3292.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1994.
 
 Before: KEITH, RYAN, Circuit Judges, and JOHNSTONE, Senior District Judge.*
 PER CURIAM:
 
 
 1
 Defendant-Appellant Reginald M. Warren ("Appellant") appeals his conviction and sentence for: (1) conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. Sec. 846; (2) possession with intent to distribute cocaine, in violation of 21 U.S.C. Sec. 841; and (3) travel in interstate commerce to promote an unlawful activity, in violation of 18 U.S.C. Sec. 1952. Warren argues: (1) the district court erred by denying his motion to suppress evidence; (2) the evidence was insufficient to support his conviction; and (3) the district court erred by sentencing him based on the full amount of cocaine involved in the conspiracy. For the reasons stated below, we AFFIRM.
 
 I.
 
 2
 In October 1988, a federal task force investigated allegations of Ralph Warren's cocaine distribution in Ohio and Michigan. Ralph Warren obtained multi-kilogram quantities of cocaine from various sources, including Detroit, and resold the cocaine in the Toledo area through a network of dealers which included his brothers, Michael Warren and Appellant. From March 1988 to April 1989, the task force recorded numerous calls from Toledo addresses associated with Ralph Warren to a Detroit Chalmers Street address, where Ralph Warren obtained two kilograms of cocaine in April 1989. Two of these calls were placed from Defendant's portable cellular phone.
 
 
 3
 On March 1, 1989, Michael Warren agreed to sell a kilogram of cocaine to undercover detective Leroy Reasti ("Reasti") at a later date. Michael Warren said he would get the kilogram of cocaine from his brothers. On March 8, Reasti met Michael Warren as scheduled in a hotel room the task force had wired for visual and audio recording and unsuccessfully attempted to purchase a kilogram of cocaine. During the meeting, Michael Warren repeatedly tried to reach his two brothers, Ralph and Appellant, to get the kilogram of cocaine. Michael Warren told Reasti he discussed the kilogram with Appellant the previous evening. Michael Warren also told Reasti his brothers, Ralph and Appellant, were "in the game," and Appellant "deal[t] dope all day long and night."
 
 
 4
 In April 1989, police arrested Ralph Warren at the Detroit Chalmers Street address for possession of two kilograms of cocaine. A reliable source reported to authorities that since his April arrest, Ralph Warren was sending others to pick up cocaine in Detroit. On October 11, 1989, the same informant said Appellant was going to Detroit that same evening to get cocaine.
 
 
 5
 Based on the above facts, the federal task force immediately placed Appellant under surveillance and observed him drive from Toledo to a Detroit Jane Street residence. There, officers observed Appellant enter the residence and exit with a package which he placed in his trunk. After Appellant left, the Detroit task force radioed Toledo officers and reported Appellant's actions. Based on the earlier tip and Warren's actions while under surveillance, Toledo officers stopped Warren on an I-75 exit ramp in Toledo, Ohio. Special Agent Buckel ("Buckel") of the Drug Enforcement Agency ("D.E.A.") ordered Warren out of his vehicle and searched his person. Buckel felt a round object in Warren's pants pocket, and removing it, discovered a clear plastic bag containing a white powdery substance. Buckel then arrested Appellant, searched his car and seized the package which contained cocaine from the trunk of the car. At trial, Buckel testified that when he felt the round object in Appellant's pants pocket, he knew it was not a weapon but suspected it was contraband.
 
 
 6
 On October 25, 1989, a federal grand jury indicted Appellant and others for conspiracy to distribute cocaine, in violation of 21 U.S.C. Sec. 846 (Count I). The Indictment charged Ralph Warren as the head of the conspiracy and charged Appellant as a member of the conspiracy (Count II). Additionally, the Indictment charged the Appellant and others with possession of cocaine with the intent to distribute, in violation of 21 U.S.C. Sec. 841 (Count XIX), and for travel in interstate commerce to promote unlawful activities, in violation of 18 U.S.C. Sec. 1952 (Count XX).[1]
 
 
 7
 Due to the complex nature of the case, two jury trials were held for the same ten defendants including Appellant. In the first trial, the jury was unable to reach a unanimous verdict on all counts, but convicted Appellant for possession of cocaine with intent to distribute and for travel in interstate commerce to promote an unlawful activity. The jury was unable to reach a verdict on the remaining 34 counts and the district court declared a mistrial as to those counts.
 
 
 8
 After the second trial, the jury returned verdicts on all counts and convicted Appellant and his seven co-defendants for conspiracy to possess with the intent to distribute cocaine. In March 1993, the district court sentenced Appellant for convictions from both trials to 360 months imprisonment and 10 years supervised release on Count II; 360 months imprisonment and 8 years supervised release on Count XIX; 60 months imprisonment and three years supervised release on Count XX with each sentence to run concurrently; and imposed a $150 assessment.
 
 II.
 
 9
 Warren first argues the district court erroneously denied his motion to suppress the evidence seized from his person in October 1989. Second, he asserts the evidence was insufficient to support a conviction for conspiracy. Finally, he contends the district court erred by holding him accountable for all drug quantities involved in the conspiracy. We discuss each allegation of error below.
 
 A.
 
 10
 Warren argues the district court erred by failing to suppress the cocaine seized from him during the October 1989 stop. According to Warren, the facts in the instant case fall directly within the parameters of the Supreme Court decision in Minnesota v. Dickerson, which limited the scope of a Terry[2] "stop and frisk" to a search for weapons. --- U.S. ----, 113 S.Ct. 2130 (1993). We disagree.
 
 
 11
 The district court concluded that based on the totality of the circumstances, the officer who searched Warren had probable cause to believe the object in Warren's pocket was contraband and to remove it. The district court, therefore, found that the search of Appellant was lawful and denied his motion to suppress. This court reviews the district court's findings of fact in determining whether to grant a motion to suppress for clear error. United States v. Coleman, 628 F.2d 961, 963 (6th Cir.1980).
 
 
 12
 First, Minnesota v. Dickerson is distinguishable on its facts, and thus, inapplicable to the instant case. 113 S.Ct. 2130 (1993). Unlike in Dickerson, the officers stopped Warren after full corroboration of a confidential informant's tip and after receiving notice that Warren completed a possible drug pick up in Detroit. Thus, pursuant to Illinois v. Gates, the initial stop of Warren was justified. 462 U.S. 213, 230 (1983). Warren's actions and the fully corroborated tip gave officers probable cause to search Warren's vehicle and person for hidden contraband. The district court's findings of fact were not clearly erroneous and the court properly denied Appellant's motion to suppress.
 
 B.
 
 13
 Next, Warren submits the evidence at trial was insufficient to support his conviction for conspiracy. We disagree.
 
 
 14
 This court views the evidence and all reasonable inferences therefrom in the light most favorable to the government, and upholds a conviction if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Morrow, 977 F.2d 222, 230 (6th Cir.1992) (en banc ) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 
 
 15
 To sustain a conviction for conspiracy to possess and distribute drugs, the government must prove the existence of an agreement to violate the drug laws and that each conspirator knew of, intended to join and participated in the conspiracy. United States v. Phibbs, 999 F.2d 1053, 1063 (6th Cir.1993); United States v. Sanchez, 928 F.2d 1450, 1457 (6th Cir.1991). "It is only necessary that a defendant know of the conspiracy, associate himself with it, and knowingly contribute his efforts in furtherance." United States v. Luxenberg, 374 F.2d 241, 250 (6th Cir.1967). Once a conspiracy has been established, the prosecution need only produce slight evidence to implicate the defendant. United States v. Sturman, 951 F.2d 1466, 1474 (6th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 2964 (1992); United States v. Barrett, 933 F.2d 355, 359 (6th Cir.1991).
 
 
 16
 The Defendant does not dispute the existence of a conspiracy to possess and distribute cocaine. He merely argues no evidence connected him to the conspiracy. The evidence presented at trial, however, does not support his argument.
 
 
 17
 In March 1989, during a meeting with Reasti, Michael Warren repeatedly tried to call his brothers, Ralph Warren and Appellant, to get a kilogram of cocaine to complete the deal. Michael Warren clearly referred to Appellant as "Reg." and stated Appellant dealt drugs "all day long and night." He also indicated he discussed the purchase of the kilogram of cocaine with his brothers, Ralph and Appellant, who, according to Michael Warren, were "in the game." Additionally, two phone calls were made in 1988 from Warren's mobile phone to the Chalmers Street address where Ralph Warren was arrested for cocaine possession. Viewing the evidence in the light most favorable to the government, a rational trier of fact could have found Warren guilty beyond a reasonable doubt of conspiring to possess and distribute cocaine.
 
 C.
 
 18
 Finally, Warren argues the district court erred by attributing the full amount of cocaine involved in the conspiracy to him without any specific findings as to his role in the conspiracy. Warren also argues the district court erred by attributing suppressed cocaine quantities to him for sentencing purposes. We disagree.
 
 1.
 
 19
 Under Section 1B1.3 of the United States Sentencing Guidelines ("U.S.S.G."), the base offense level for jointly undertaken criminal activity is based on all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken activity. U.S.S.G. Sec. 1B1.3. The scope of criminal activity jointly undertaken is not necessarily the same as the scope of the entire conspiracy, and therefore, the court must determine the scope of the individual defendant's activity. United States v. Jenkins, 4 F.3d 1338, 1347 (6th Cir.1993) (reversing and remanding the defendant's sentence because the district court failed to explicitly or implicitly define the scope of the defendant's criminal activity). Here, the district court found: (1) Defendant was the source of the cocaine Michael Warren attempted to sell to Reasti, and (2) Defendant Warren was the partner of Ralph Warren and occupied a position in the upper echelon of the cocaine distribution.
 
 
 20
 Appellant argues the court's findings are insufficient because the court never specifically stated the full amount of cocaine was reasonably foreseeable to him. The district court found that Appellant was a member of the upper echelon of the conspiracy and was Ralph Warren's partner. These findings implicitly indicate the full amount of cocaine involved in the conspiracy was reasonably foreseeable to Appellant. The district court's findings were sufficient to justify attributing the full amount of cocaine involved in the conspiracy to Appellant.
 
 2.
 
 21
 Finally, Appellant argues the district court violated the Fourth Amendment by attributing the amount of cocaine suppressed between the first and second trial to him. In United States v. Jenkins, this court rejected an identical argument and affirmed the use of suppressed drugs as relevant conduct for sentencing purposes. 4 F.3d at 1347-48. Thus, Defendant's argument must fail.
 
 III.
 
 22
 For the reasons stated above, we AFFIRM Appellant's conviction and sentence.
 
 
 
 *
 The Honorable Edward H. Johnstone, United States District Judge for the Western District of Kentucky, sitting by designation
 
 
 [1]
 The remaining counts of the Indictment charged different individuals with the same crimes
 
 
 [2]
 Terry v. Ohio, 392 U.S. 1 (1968)